McKINNEY v. SALUDA LUMBER Co.

(120 S. E., 234)

1. TRIAL—NONSUIT NOT GRANTED, EVIDENCE TENDING TO PROVE CASE.— Where there is any evidence offered by plaintiff to prove his case, a nonsuit cannot be granted.

2. MASTER AND SERVANT—EVIDENCE THAT PERSON IN CHARGE OF MILL WAS INDEPENDENT CONTRACTOR ADMISSIBLE.—In an action for negligent death at a saw mill owned by defendant, any act or circumstance that would elucidate the question whether the person operating the mill was acting as defendant's agent or as foreman or as an independent contractor would be admissible under an answer alleging that he was an independent contractor.

3. APPEAL AND ERROR—PERMITTING COUNSEL TO READ EXTRACTS FROM LAW BOOKS TO JURY HELD NOT PREJUDICIAL.—Permitting plaintiff's counsel to read extracts from a law book and from a case *held* not prejudicial, in view of a charge that fully and clearly stated the law applicable to the case.

Before TOWNSEND, J., Saluda, December, 1922, affirmed.

Action by Peter McKinney as administrator of William McKinney, deceased, against Saluda Lumber Co. Judgment for plaintiff and defendant appeals.

---

NOTE: The question as to who are independent contractors is discussed in notes in 65 L. R. A., 445 and 17 L. R. A. (N. S.), 371.

On question of permitting counsel to read from law book to jury, see note in 40 L. R. A., 572.

*Messrs. Able, Blease & Griffith,* for appellant, cite: *Prejudicial matter in argument of attorneys to the jury:* 77 S. C., 404; 83 Am. Dec., 756; 54 S. W., 457; 56 S. W., 1112; 49 S. W., 658; 66 S. W., 78; 40 S. E., 900; 50 S. E., 413; 77 N. W., 870.

*Messrs. S. McG. Simkins, B. W. Crouch* and *B. B. Hare,* for respondent, cite: *Admission of testimony as to owner of mill harmless, if error:* 86 S. C., 106; 108 S. C., 472; 103 S. C., 467. *Objection to testimony must be stated at time:* 66 S. C., 61; 121 S. C., 49; 107 S. C., 411. *Opinion of non-expert witness:* 102 S. C., 142. *Witness cannot state conclusion of law from facts:* 115 S. C., 262; 108 S. C., 472. *Conduct of trial in discretion of Judge:* 104 S. C., 32; 114 S. C., 152; 38 Cyc., 1480; 2 R. C. L., 422; 119 A. L. R., 264; 10 L. R. A., 999. *Nonsuit would have been improper:* 110 S C., 217; 97 S. C., 403; 103 S. C., 177; 31 S. C., 384. *Distinction between servant and independent contractor:* 93 S. C., 131; 26 Cyc., 1547, 1573, 1551; 31 S. C., 384.

December 4, 1923.

The opinion of the Court was delivered by Mr. Justice Watts.

This is an action for damages for the alleged unlawful and negligent killing of Wm. McKinney, a minor, by the defendant. The cause was tried by Judge Townsend and a jury at the Fall Term, 1922, for Saluda County. There is a denial in the answer of the defendant of the acts of negligence alleged in the complaint whereby the deceased met his death. Neither assumption of risk nor contributory negligence is pleaded. The defense is that, while the defendant owned the mill, it was operated by H. W. Kizer as an independent contractor, and that the defendant was in no wise responsible for his death.

At the close of plaintiff's testimony a motion was made by the defendant for a nonsuit, which was refused by his

Honor. The jury found for the plaintiff in the sum of $500. After entry of judgment defendant appealed, and by nine exceptions alleges error. Those exceptions allege error on the part of his Honor in admitting, over objection of the defendant, certain testimony, in permitting plaintiff's counsel, over objection, to read to the jury extracts from Cyc. and *Abbott v. Sumter Lumber Co.*, 93 S. C., 131; 76 S. E., 146, in refusing to charge as requested certain requests of the defendant, in failing to charge as to the duty of the plaintiff to make out his case by the preponderance or greater weight of the evidence, etc., and in failure to grant defendant's motion for a nonsuit.

The motion for a nonsuit was properly refused, there being no evidence in plaintiff's testimony by which it could be inferred that the mill was being operated by H. W. Kizer as an independent contractor, and there being no motion made by the defendant for a directed verdict at the close of all the testimony.

Where there is any evidence offered by plaintiff to 1, 2 prove his case, a nonsuit cannot be granted. We see no error as complained of in admitting over objection certain evidence; all the facts and circumstances as to whether Kizer was operating the mill for the defendant as agent, foreman, or "boss," or as an independent contractor, was competent to go to the jury for their determination in what capacity he was operating the mill. Whether Kizer was an agent of the defendant or an independent contractor was a question of fact for the jury, and it would have been error on the part of his Honor to have determined that fact, and any fact or circumstance in the case that would elucidate that point would be competent evidence to submit to the jury for their determination.

As to the exceptions complaining of plaintiff's attor-3 ney being allowed to read certain extracts from cases from law books, we cannot say that this is a practice that is to be encouraged or allowed. The Judge gives the

law of the case to the jury, and it is the duty of the jury to be governed by the law as declared by his Honor. The conduct of a case is largely in the discretion of the trial Judge, and reading from the law books by Mr. Crouch was harmless, and not prejudicial, as Judge Townsend in his charge declared the law fully and clearly, and the jury could not be in doubt as to what the law af the case was.

We see no error. All exceptions are overruled, and judgment affirmed.